**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America,

      Plaintiff,

v.                        Criminal Case No. 11-20752

Danta Johnson,            Sean F. Cox
                                 United States District Court Judge

      Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Danta Johnson ("Defendant") was convicted of conspiring to distribute controlled substances and was sentenced to ten years' imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. For the reasons set forth below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Cocaine, and Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. This Court sentenced Defendant to a term of ten years imprisonment.

Defendant is now serving that sentence and is currently being housed at FCI Elkton. He

is not scheduled to be released until 2022.

Defendant is forty-two years old. Defendant states that he has a body mass index of 28 and is pre-diabetic. He also claims to have recently had symptoms such as shortness of breath, dizziness, and nausea.

Defendant filed his Motion for Compassionate Release on August 25, 2020. The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons."  Those categories are: "Medical Condition of the Defendant," "Age of the

Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant states that he has a body mass index of 28 and claims to be pre-diabetic. He also claims to have recently had symptoms such as shortness of breath, dizziness, and nausea.

As the Government notes, the CDC has warned that individuals who are obese, having a body mass index of 30 or higher, are at increased risk. Thus, Defendant is not at increased risk due to his weight. The Government further asserts that there is nothing in Defendant's medical records showing a diagnosis of "prediabetes," and, in any event, "prediabetes" is not a diagnosis of diabetes.

Moreover, even if Defendant could satisfy the first eligibility threshold for compassionate release during this pandemic, Defendant would still not be entitled to relief.

The Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was involved in a large-scale drug operation and has a criminal history that includes other drug offenses and an assault conviction.

3

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was very serious, as he was involved in a large-scale drug operation. And allowing Defendant to be released at this juncture would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

**CONCLUSION & ORDER**

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 23, 2020